THE FIRST NATIONAL BANK OF JOLIET, Plaintiff-Appellee, *v.* EDMUND J. CONNESS *et al.*, Defendants.—(WILLIAM W. LOW, Defendant-Appellant.)

(No. 74-269; ▮▮▮▮▮▮▮)

Third District—June 16, 1975.

*Rehearing denied July 17, 1975.*

Singer, Murer & Kozlowski, Ltd., of Joliet (Michael Murer, of counsel), for appellant.

Herschbach, Tracy, Johnson, Bertani & Wilson and Dunn, Stefanich, McGarry & Kennedy, Ltd., both of Joliet (Wayne Johnson, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Summary judgment was entered in favor of plaintiff-bank on its motion against defendant, William W. Low, d/b/a Bill Low Cattle Company, in the amount of $58,983.88 plus interest of $3,471.16. After his motion to vacate the judgment was denied Low filed notice of appeal. We dismiss.

The suit involves multiple parties and multiple claims within the meaning of Supreme Court Rule 304(a) (Ill. Rev. Stat., ch. 110A, par. 304(a)). Count I of the complaint, against defendants Edmund Conness and his son, Gerald, seeks collection of a debt evidenced by their 10-month promissory note delivered to plaintiff on July 24, 1972, in the principal amount of $90,000 with interest, of which it is alleged that no part has been paid. Count II against defendant, Low, and also against others, alleges that plaintiff's loan to Connesses was for the purchase of 300 head of feeder cattle pledged as security under an agreement described in a perfected financing statement; that in July, 1972, Connesses purchased 206 head from Low for $60,400 paid from loan proceeds; that these became collateral for the loan; that the Connesses thereafter in October, 1972, wrongfully sold and delivered the same 206 head back to Low for $58,983.88 in breach of the covenants of plaintiff's security agreement; that the Connesses have never accounted to plaintiff for the sums paid directly to them by Low; that defendant, Low, wrongfully received and accepted delivery of the collateral from the Connesses and wrongfully transferred the same to other defendants all of whom, including Low, converted the same to their own uses; that plaintiff has made demand and been refused; and that defendant, Low, and the other defendants, are each liable to plaintiff.

The motion for summary judgment was filed and entered against Low only. At the hearing on this motion, Low was given leave to file a cross-claim against defendants, Edmund and Gerald Conness. He filed such cross-claim on April 19, 1974, with his motion to vacate the summary judgment entered against him on April 9. Accordingly, there remains pending in the circuit court for disposition, the claim under Count

I of the complaint against Connesses; the claim under Count II against all other defendants but Low and Connesses; and the claim stated in Low's cross-complaint against Connesses. Under this circumstance of multiple claims and multiple parties, to avoid piecemeal appeals, a final order as to only one defendant on one of the claims is not appealable without an express finding in the order by the circuit court that there exists "no just reason for delaying enforcement or appeal." (Ill. Rev. Stat., ch. 110A, par. 304(a). See, *e.g.*, *Statistical Tabulating Corp. v. Hauck*, 5 Ill.App.3d 50, 282 N.E.2d 524 (1st Dist. 1972); *E.M.S. Co. v. Brandt*, 103 Ill.App.2d 445, 243 N.E.2d 695 (1st Dist. 1968).) No such finding appears in the order here. Although the summary judgment order directs that the clerk should "issue execution * * * upon application of Plaintiff," in the absence of an express finding as to immediate enforceability or appealability, that order, under Rule 304, is subject to revision at any time before a final judgment order is entered disposing of all claims against all parties, and may be revised if plaintiff, in the future, should apply for a writ of execution before such time. Accordingly, the appeal is dismissed.

Appeal dismissed.

ALLOY and STENGEL, JJ., concur.