Jean H. Haley, et al., Plaintiffs-Appellants, v. Merit Chevrolet, Inc., a Corporation, United States Rubber Company, a Corporation, Defendants-Appellees, and General Motors Corporation, a Corporation, Defendant.

Gen. No. 49,980.

First District, First Division.

January 17, 1966.

Heller & Morris, of Chicago (Jerrold L. Morris, of counsel), and Jerome H. Torshen, of Chicago (Jerome H. Torshen, of counsel), for plaintiffs-appellants.

Ross and Jacobson, and Hinshaw, Culbertson, Moelmann & Hoban, all of Chicago (John M. Moelmann and D. Kendall Griffith, of counsel), for Merit Chevrolet, Inc., defendant-appellee; Chadwell, Keck, Kayser, Ruggles & McLaren, of Chicago (James E. Hastings, David J.

Gibbons, and Richard E. Wiley, of counsel), for United States Rubber Company, defendant-appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

Plaintiffs Jean H. Haley and Frances Mongo were injured when the 1961 Chevrolet in which they were riding went out of control and crashed in the State of Iowa on June 10, 1961. Mrs. Haley, the owner of the car, was driving at the time, and Mrs. Mongo was a passenger. Alleging that the accident was proximately caused by defects in one of the tires, in the steering column, and in related parts, the plaintiffs filed suit against Merit Chevrolet, Inc., the dealer who had sold the car to Mrs. Haley, against General Motors, Inc., the manufacturer of the car, and against U. S. Rubber Company, the manufacturer of the tire. The complaint, as later amended, sought relief in three counts on theories of negligence, implied warranty, and express warranty. General Motors filed its answer while the other two defendants moved for dismissal. The trial court held that the two counts based on warranty theories did not state a cause of action against Merit or U. S. Rubber, and dismissed those counts as to those defendants. It further held that the negligence count was improper in form, and offered the plaintiffs leave to file a second amended negligence count. But plaintiffs elected to stand on their entire amended complaint, and Merit and U. S. Rubber were then dismissed from all three counts. The court stated in its order that there was no just reason for delaying enforcement or appeal, and this appeal followed. The only defendants before us are Merit and U. S. Rubber; the claim against General Motors remains pending in the trial court.

Initially, we are confronted with a motion filed by these two defendants to dismiss the appeal on the grounds

that leave to file an amended complaint was erroneously granted by the trial court, and that therefore the subsequent order which dismissed these defendants from the amended complaint, and which is here on appeal, is a nullity. Motions by Merit and U. S. Rubber to dismiss the original complaint as against them for not stating a cause of action were granted following an ex parte hearing June 20, 1963. On August 30, 1963, the attorney for the plaintiffs moved to vacate those dismissal orders, and on September 3, 1963, filed a verified petition alleging that he was ill on June 20, 1963, that he had instructed his office to call the other side to request a continuance, and that he learned of the dismissals on August 12, 1963, a date for which depositions had been scheduled in the case. On December 30, 1963, the trial court vacated the June orders, over the contentions of Merit and of U. S. Rubber that it was too late for it to do so, and again heard argument of the cause. By orders of that date, the complaint was stricken as against Merit and U. S. Rubber, with leave granted to plaintiffs to file an amended complaint.

■■ Defendants claim that the court was without jurisdiction to vacate the June orders because more than thirty days had elapsed since they were entered. It is true that relief from valid final orders after 30 days from the entry thereof may be had only upon petition in accordance with the provisions of § 72 of the Civil Practice Act (Ill Rev Stats c 110, § 72(1) (1963)). But this suit involves both multiple parties and multiple claims, and therefore under subsection 50(2) of the Civil Practice Act (Ill Rev Stats c 110, § 50(2) (1963)), the court may enter a final order as to one or more but fewer than all of the parties or claims only upon an express finding that there is no just reason for delaying enforcement or appeal. The statute further provides:

> In the absence of that finding, any order, judgment, or decree which adjudicates fewer than all the claims

24

or the rights and liabilities of fewer than all the parties does not terminate the action, is not enforceable or appealable, *and is subject to revision* at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties. (Ill Rev Stats c 110, § 50(2) (1963)). (Emphasis added.)

The rights and liabilities of the third defendant in this case, General Motors, have not been adjudicated, and the June orders did not include the express finding described in the statute.

It is admitted by defendants that for this reason the June orders were neither final nor appealable, and were subject to revision. Their primary contention is that the power to revise the orders does not embrace the power to vacate them, because in drafting subsection 50(2) the Legislature eschewed the expression "set aside," which appears in other subsections of section 50, in favor of the word "revision." It is further argued that the June orders were by their nature final orders, despite the absence of the 50(2) formula, because they were dispositive of the claims against these two defendants. Finally, it is alleged that even if the court had the power to vacate the June orders, the petition filed by plaintiffs' attorney did not set forth grounds adequate to support such an order.

By the specific language of the statute, the Legislature provided that orders such as those in this case are not final and are subject to revision. We conclude that under this language any and all portions of such orders are subject to subsequent revision by the court, and that therefore it is within the trial court's discretion to vacate the entire order. The Legislature's failure to use other language making this rule even more explicit does not require an opposite conclusion. Furthermore, we conclude that, in view of the allegations made in the petition of plaintiffs' counsel, to which no counter-

affadivits were filed, the trial court did not improperly exercise his discretion in vacating the June orders. This court therefore has jurisdiction to hear this appeal.

On appeal from an order dismissing a complaint, all facts well pleaded are taken as true. The amended complaint alleges in substance the following: Mrs. Haley purchased a 1961 Chevrolet from Merit in Chicago on April 7, 1961. The car had been manufactured by General Motors, and was equipped with tires manufactured by U. S. Rubber. On June 10, 1961, Mrs. Haley was driving her automobile on Highway No. 60 in Iowa, and Mrs. Mongo was a passenger. While driving, they heard a bumping noise in the front end of the car. They stopped and looked at all of the tires, but saw no break. As they proceeded, there seemed to be a noise in the front and under the hood, and then suddenly there was a snap or clatter in the front end and the steering wheel came loose from the dashboard and dropped into the lap of the plaintiff. This caused her to lose control of the car, and it proceeded across two embankments and crashed.

Count I of the amended complaint, seeking recovery on a negligence theory, alleges that the defendants before us carelessly and negligently failed to inspect and test the tires and steering column at its attachment to the dashboard; failed to properly inspect and test the vehicle before selling it for use by the plaintiff; manufactured and sold a defective tire; failed to correct the defects in the tire and steering column when inspecting the vehicle for a 1,200 mile checkup, which checkup if properly performed would have revealed said defects; failed to replace the tire, which had a separation in the threads of approximately 10 inches high and 5 inches wide; and failed to provide a proper attachment of the steering column to the dashboard, although the defendant knew or should have known that the band which held the steering column in its place under the dashboard

26

would be insufficient to withstand any ordinary or extraordinary stress placed upon it.

It is further alleged that it was the duty of the defendants, and each of them, to furnish the plaintiff with a vehicle which was in good working condition and free from any defects in material and workmanship; that the plaintiffs had no knowledge of the defects in the tire, steering wheel, and related parts; that while operating the vehicle the plaintiffs were in the exercise of due care and caution for their own safety and well being and the safety and well being of each other; and that the injuries of the plaintiffs were proximately caused by one or more of the defects in the vehicle.

Count II of the amended complaint is based upon an implied warranty theory, alleging that each of the defendants individually warranted, by implication, that the contents and materials in the automobile were safe and fit for its intended use, and free from any defects, and plaintiff relied upon said warranty, which was breached by each defendant by the presence of defects in the automobile.

In Count III, both plaintiffs assert a claim against Merit alone on the strength of an alleged breach of an express warranty given by Merit to Mrs. Haley with the purchase of the automobile.

In determining whether or not the amended complaint states a cause of action against these two defendants, the fundamental issue is whether the absence of privity of contract between Mrs. Mongo and either defendant, and between Mrs. Haley and U. S. Rubber bars recovery between those parties. The problem is complicated by the fact that the parties put into issue, in the trial court and in the briefs, the question of whether the case should be governed by the law of Illinois or by that of Iowa. After a review of the authorities of both jurisdictions, we have concluded that, while the choice of law may have been of some significance at the time this case was tried,

the subsequent decision of the Illinois Supreme Court in Suvada v. White Motor Co., 32 Ill2d 612, 210 NE2d 182, makes the outcome of this case identical under either Illinois law or Iowa law.

■ ■ In Suvada, the purchaser of a reconditioned truck filed suit against the dealer-manufacturer and against the manufacturer of the brake system incorporated in the truck for damages resulting from an accident allegedly caused by the failure of the brake system. The complaint was grounded upon theories of negligence and breach of implied warranty. The trial court dismissed the implied warranty claim against the manufacturer of the component part, who was not in privity with the plaintiff, but the Appellate Court reversed that order (Suvada v. White Motor Co., 51 Ill App2d 318, 201 NE2d 313). The Supreme Court, after an exhaustive review of the Illinois cases, of cases from other jurisdictions, and of the relevant legal literature, ruled that one who sells on the market a product which, when it leaves his control, is in such condition as to make it unreasonably dangerous is strictly liable in tort to one injured thereby; despite the lack of privity of contract between the seller of the product and the person injured, and despite the fact that no negligence is shown on the part of the seller of the product. We conclude that this holding is dispositive of the question of whether lack of privity is a bar to recovery under Illinois law by either of the plaintiffs to this suit.

The same result as to the privity requirement prevails under the law of Iowa. In State Farm Mut. Automobile Ins. Co. v. Anderson-Weber, Inc., 252 Iowa 1289, 110 NW2d 449, the purchaser of an automobile and his subrogated insurer brought suit against the dealer who sold the car and against its manufacturer for damages resulting from a fire allegedly caused by defects in the car. The Supreme Court of Iowa, in reviewing a directed verdict in favor of each of the defendants, held that the

28

absence of privity of contract between the purchaser of the automobile and its manufacturer was not a bar to recovery under Iowa law. In contrast to the holding of the Illinois Supreme Court in Suvada that the manufacturer was strictly liable in tort, the Iowa court in State Farm grounded the manufacturer's liability upon a theory of implied warranty. But in both cases, the defense of the lack of privity of contract was clearly rejected.

Defendants contend that in subsequent cases the Supreme Court of Iowa has limited the holding of the State Farm case, and direct our attention to the case of Hahn v. Ford Motor Co., a 1964 Iowa case appearing at 126 NW2d 350. In that case, the Supreme Court of Iowa held that the State Farm case and cases from other jurisdictions, in passing upon the privity requirement in implied warranty suits, had gone no further,

> . . . than to allow recovery for breach of implied warranty in those situations in which use or consumption of the articles by a person in the relationship of the injured party to the purchaser should have been reasonably anticipated by the manufacturer or seller. (126 NW2d at 353.)

The court explicitly limited its holding to the proposition that there is no implied warranty of fitness from the manufacturer or dealer to members of the general public. We conclude that this language was not intended to exclude recovery by a passenger in the purchaser's automobile, and that therefore the rejection of the privity requirement by the Iowa cases is intact for purposes of this case.

Defendant Merit contends that the terms of the express warranty given by it to Mrs. Haley at the time of the purchase of the automobile relieve it from liability, whether the suit be grounded upon a tort theory or a theory of implied warranty. The warranty limits the

29

obligation of the Dealer to the repair or replacement of parts in certain limited situations and at its option, and specifically excludes tires and tubes from its terms. A subsequent provision states:

> This warranty is expressly in lieu of all other warranties, expressed or implied, and all other obligations or liabilities on Dealer's part, and Dealer neither assumes nor authorizes any other person to assume for it any other liability in connection with such motor vehicles or chassis.

■ ■ The liability imposed by Suvada upon the sellers of defective products is a strict liability in tort, and is not based upon the theory of breach of implied warranty. A seller, therefore, cannot protect himself from this liability under Illinois law by expressly negating the existence of any implied warranties. Furthermore, the court in Suvada recognized that sound reasons of public policy were responsible for the extension in a number of jurisdictions of strict liability to the manufacturers of products whose defective condition makes them unreasonably dangerous to the user. To allow the dealer to limit, by contract, his tort liability for such defects in an automobile to the repair or replacement of defective parts would defeat those reasons. We conclude, therefore, that the attempted elimination by the dealer of all obligations other than replacement of defective parts is violative of public policy and void, Henningsen v. Bloomfield Motors, Inc., 32 NJ 358, 161 A2d 69.

The Iowa rule on this point is made clear in the State Farm case. Liability was imposed on an implied warranty theory upon the dealer who sold the car, despite language in the express warranty which negates the existence of any implied warranties and which was very similar to the language in the case before us. Further-

30

more, the Iowa court quoted at length, with approval, from the opinion of the Supreme Court of New Jersey in Henningsen v. Bloomfield Motors, Inc., 32 NJ 358, 161 A2d 69, including a portion which discusses a dealer's attempt to frustrate, by means of a disclaimer, the law's protection for the consumer.

■ Defendants further contend that the complaint fails to state a cause of action because it does not allege the lack of contributory negligence on the part of plaintiffs. Even assuming that such an allegation is a necessary element for recovery under the Illinois strict tort liability theory or the Iowa implied warranty theory, we are of the opinion that the amended complaint adequately alleges the lack of contributory negligence. Paragraph 7 of Count I alleges that plaintiffs, "without knowledge of the presence of said defects in the tire, steering wheel and related parts, and while in the exercise of due care and caution for their own safety and well being and the safety and well being of each other," operated the vehicle.

■ Finally, the defendants seek to sustain the order dismissing the amended complaint on the grounds that it is improper in form because it failed to contain a plain and concise statement of the cause of action, pleaded evidentiary facts and conclusions, included numerous allegations in a single paragraph, and failed to state a cause of action. Under the Civil Practice Act (Ill Rev Stats c 110 (1963)), pleadings are to be liberally construed with the view toward doing substantial justice between the parties. With the adoption of the Civil Practice Act, there has been a definite attempt to abolish the so-called technicalities of common law pleading, Crosby v. Weil, 382 Ill 538, 48 NE2d 386. Section 42 of the Civil Practice Act states, in part, that: "(2) No pleading is bad in substance which contains such information as reasonably informs the opposite party of the

nature of the claim or defense which he is called upon to meet." (Ill Rev Stats c 110, § 42 (2) (1963)). In our opinion, the amended complaint is sufficient to advise the defendants of the nature of the claim and in proper form states a cause of action against each of these defendants. It is true that none of the counts base a claim for recovery on the Suvada theory of strict liability in tort. But the complaint in Suvada itself fails to do so, and yet the Supreme Court affirmed the Appellate Court's holding that the complaint stated a cause of action. There, as here, the complaint based its claim for relief upon theories of negligence and of implied warranty. The failure to state clearly the Suvada theory therefore does not make the complaint insufficient.

We do not believe the amended complaint should have been preemptorily dismissed. Before the plaintiffs can recover, however, they must sustain their burden of proof as to the elements of their cause of action, and nothing we have said should be construed as expressing any opinion on the merits. Accordingly, the order is reversed and the cause is remanded with directions that these defendants be ordered to plead, within a fixed time, to the amended complaint.

Order reversed with directions.

KLUCZYNSKI, P. J. and MURPHY, J., concur.