**E. M. S. Co., an Illinois Corporation, Plaintiff-Appellant, v. Donald Brandt, Individually, and 560 Tool Co., an Illinois Corporation, Defendants-Appellees.**

Gen. No. 52,840.

First District, Fourth Division.

December 18, 1968.

Echt & Getzoff, of Chicago, for appellant.

Aplon, Bennett, Alexander & Levine, of Chicago, for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

This cause comes up for disposition on defendant's motion to dismiss the appeal, which motion was filed in this court on November 19, 1968.

There are two defendants. On September 12, 1967, judgment by default was entered against one defendant only. The judgment was vacated by an order entered September 28, 1967. Plaintiff seeks to appeal from that order.

Defendants contend that the order of September 28 was not appealable because (1) there were multiple parties, and the order did not affect plaintiff's claim against the other defendant, and (2) the court did not enter the finding necessary to make the order appealable un-

der Supreme Court Rule 304,[1] that there was "no just reason for delaying enforcement or appeal." Ill Rev Stats (1967), c 110A, § 304.

Plaintiff has responded to defendant's motion by reciting that, at the time the order was entered, the judge had been requested to find that there was no reason to delay appeal, but had refused to do so. Plaintiff then argues that this refusal, under the circumstances of the case, constituted an abuse of the court's discretion, thus rendering the order appealable without the finding prescribed by the rule.

Plaintiff further points out that when the order was entered, the trial court assured counsel that the order was final and appealable as entered. In this the court was wrong. Plaintiff is also wrong in the position it takes in opposing the pending motion. And defendants are wrong in the grounds they suggest in support of the motion.

Assuming a final judgment as to only one of two defendants, there could be no appeal without the express finding called for by the rule. The making of such a find-

---

[1] Rule 304 provides:

Judgments as to Fewer Than All Parties or Issues

If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties.

447

ing is discretionary with the trial court, but there is no provision for review of an abuse of that discretion when a finding is refused. The absence of the finding in such a judgment—for whatever reason—leaves the judgment final but unenforceable and unappealable.

The position of plaintiff in this case is incorrect, however, since the special finding of Rule 304 could not render appealable the order of September 28. An order vacating a prior judgment, under the circumstances of this case,[2] simply leaves the case pending. It is "an order which is not final in its character." (See Harris Trust & Savings Bank v. Briskin Mfg. Co., 63 Ill App2d 12, 14–19, 211 NE2d 32, which was decided under section 50 (2) of the Practice Act, then containing the essential provisions now found in Rule 304.) Therefore, it is not a "final judgment" even as to the one defendant, and cannot be made appealable by the rule's prescription. Martino v. Barra, 37 Ill2d 588, 593–594, 229 NE2d 545.

While this contention was not made on defendants' motion, when we are without jurisdiction to determine an appeal, it is our duty to dismiss it, however the matter may have come to our attention. Village of Niles v. Szczesny, 13 Ill2d 45, 49, 147 NE2d 371; Harlem Sav. Ass'n v. Lesniak, 91 Ill App2d 194, 195, 234 NE2d 160.

This appeal is dismissed.

Appeal dismissed.

DRUCKER, P. J. and STAMOS, J., concur.

---

[2] We do not, for example, refer to a proceeding under section 72 of the Civil Practice Act. Ill Rev Stats (1967), c 110, § 72.