Helen Hazel, Plaintiff-Appellant, *v.* Dale Hayes *et al.*, Defendants-Appellees—(H. R. Weissberg Corp., d/b/a The Edgewater Beach Hotel, Defendant.)

(No. 54809;

First District (3rd Division)—August 16, 1973.

Barclay, Damisch & Sinson, of Chicago, (John W. Damisch and Loretta C. Didzerekis, of counsel,) for appellant.

Albert Koretzky and Maurice Zimmerman, both of Chicago, for appellee Dale Hayes.

Richard L. Curry, Corporation Counsel, of Chicago, (Marvin E. Aspen and Gayle F. Haglund, Assistant Corporation Counsel, of counsel), for appellee City of Chicago.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff brought this action in the circuit court of Cook County to recover damages from five defendants for alleged acts which resulted in

plaintiff's arrest and detainment. Default judgments in the sum of $10,000 were entered against all the defendants except H. R. Weissberg Corp., d/b/a The Edgewater Beach Hotel, hereafter called "Weissberg." Over one year after their entry, the default judgments were vacated by the trial court, and plaintiff appeals.

Appellees have filed a motion to dismiss the appeal which we shall initially consider. The motion to dismiss asserts that, under the language of Supreme Court Rule 304 then in effect, the default judgments and the order vacating those judgments were not final and appealable. Appellees maintain that as to judgments applying to less than all parties the rule then in effect required an express finding by the trial court that there was no just reason for delaying enforcement or appeal, and that the instant judgments lacked such an express finding.

Subsequent to the instant action Rule 304 has been amended, and presently provides that certain judgments and orders, including those granting or denying relief under section 72 of the Civil Practice Act, are appealable without a special finding by the court. However, this amendment did not become effective until January 1, 1970, and is not applicable to the instant case.

For a full understanding of the issue, a recitation of certain facts is necessary. On October 11, 1966, plaintiff filed a complaint against the five defendants for false arrest and detainment. The complaint asserted that plaintiff was an employee of the Edgewater Beach Sauna Club, a tenant of defendant Weissberg; and that the Sauna Club had been served with a five day notice for nonpayment of rent. The complaint further charged that on August 11, 1966, while plaintiff was attempting to remove certain fixtures from the club premises, defendants Hayes and Grabowski, employees of Weissberg, blocked access to one door, and padlocked the only other door. The complaint also charged that when she attempted to remove the padlock, plaintiff was arrested by defendant O'Malley, a police officer for defendant City of Chicago, and that a criminal complaint for damages to property was signed against her by Grabowski. The complaint finally charged that plaintiff was detained for more than five hours during the arrest and bond procedure, and that subsequently the criminal complaint against her was dismissed.

After all defendants had filed answers, the cause was continued from time to time. During this period Weissberg became the subject of a federal bankruptcy suit, and on December 19, 1967, an order was entered in the federal district court enjoining all persons from commencing or continuing any action against Weissberg.

After the issuance of the restraining order, the cause was continued several times by agreement. On May 3, 1968, an *ex parte* judgment for

$10,000 was entered against all of the defendants except Weissberg. As to Weissberg the case was continued generally pending the release of the federal restraining order.

On May 28, 1968, the motion of defendants City of Chicago and O'Malley to vacate the *ex parte* judgment as to them was allowed, and trial was set for August 16, 1968. The principal ground for the motion was the existence of the restraining order involving Weissberg. On August 16, 1968, an *ex parte* judgment again was entered against O'Malley and the City of Chicago. The judgment orders of May 3, 1968, and August 16, 1968, both provided that execution should issue. However neither of the default judgments contained the express finding that there was "no just reason for delaying enforcement or appeal."

On September 2, 1969, the City of Chicago filed its motion to vacate the default judgment of August 16, 1968, citing the continued existence of the restraining order as to Weissberg. On September 19, 1969, the City of Chicago amended its motion to refer to section 72 of the Civil Practice Act. On September 30, 1969, plaintiff filed a motion to strike and dismiss the City of Chicago's section 72 petition. On November 25, 1969, the City of Chicago filed a motion to delete all reference to section 72 of the Civil Practice Act from its petition, and this request was allowed.

Plaintiff's counsel had mailed several letters to the Corporation Counsel of the City of Chicago notifying him of the default judgment against the City and requesting settlement or satisfaction. Plaintiff claimed that the City was first advised of the judgment 39 days after its entry, but the first notification bearing a receipt by the corporation counsel occurred 83 days after the entry of judgment.

On October 8, 1969, defendants Hayes and Grabowski filed a section 72 petition to vacate the *ex parte* judgment entered against them on May 3, 1968. Their petition asserted that they had a meritorious defense to plaintiff's cause of action, and that they had a reasonable excuse for delay. Plaintiff filed a motion to strike and dismiss this petition on the grounds that it failed to comply with the requirements of section 72.

On November 29, 1969, after receiving briefs and hearing argument of counsel, the trial court vacated the default judgments of May 3, 1968, and August 16, 1968. Plaintiff appeals from that order, contending that section 72 was the sole avenue of relief for appellees, and that the respective petitions failed to comply with the prerequisites of section 72. On the other hand, appellees maintain that, because the default judgments applied to fewer than all the parties and did not contain an express written finding that there was no just reason for delay-

·ing enforcement or appeal, they were not final and appealable and subject to vacatur on mere motion. They therefore urge that the appeal be dismissed.

■■ It is the duty of an appellate court to determine that an appeal properly lies to it before going into the merits and evidence of the case. (*Clark v. State Police Merit Board* (1972), 5 Ill.App.3d 332, 282 N.E.2d 220.) We must agree with appellees that under the language of Rule 304 then in effect the orders of the trial court were not final and appealable. That rule provided:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."

The former section 50(2) of the Civil Practice Act was the precursor of Supreme Court Rule 304 and the language relevant to the present appeal was substantially the same. In *Haley v. Merit Chevrolet, Inc.* (1966), 67 Ill.App.2d 19, 214 N.E.2d 347, decided under section 50(2), an order dismissing a complaint was vacated more than 30 days after its entry. This court held that, where there was no express written finding that there was no just reason for delaying enforcement or appeal, the trial court retained jurisdiction to vacate the order of dismissal aside from a section 72 petition. The court stated at 25:

> "[T]his suit involves both multiple parties and multiple claims, and therefore under subsection 50(2) of the Civil Practice Act * * * the court may enter a final order as to one or more but fewer than all of the parties or claims upon an express finding that there is no just reason for delaying enforcement or appeal.
>
> * * *
>
> By the specific language of the statute, the Legislature provided that orders such as those in this case are not final and are subject to revision. We conclude that under this language any

and all portions of such orders are subject to subsequent revision by the court, and that therefore it is within the trial court's discretion to vacate the entire order."

The decision in *Haley* is applicable to the instant situation, and clearly indicates that in the absence of an express finding that there was no just reason for delay in enforcement or appeal, the instant default judgments were not final and appealable. Under Rule 304, the trial court retained jurisdiction and was able to vacate the *ex parte* judgments on mere motion, even though the motions did not comply with the prerequisites of a section 72 petition.

██ We also disagree with plaintiff's argument that, since appellees' motions were essentially section 72 petitions, they were subject to the requirements of that section. Subsection (7) of section 72 provides that "Nothing contained in this section affects any existing rights to relief from a void order, judgment or decree, or to employ any existing method to procure that relief." And even though a petition is brought pursuant to section 72, the relief obtainable is not limited to that provided under section 7. (*Mabion v. Olds* (1967), 84 Ill.App.2d 291, 228 N.E.2d 188.) Furthermore, while only the City of Chicago deleted all references to section 72 from its motion to vacate the judgment, such references in the other appellees' motion could not possibly operate to remove the default judgments from the jurisdiction of the trial court or from the purview of Rule 304.

██ We come now to the question of whether the plaintiff can presently challenge on appeal the propriety of the trial court's order granting appellees' motion to vacate the default judgments. The decision in *E.M.S. Co. v. Brandt* (1968), 103 Ill.App.2d 445, 243 N.E.2d 695, dictates that she cannot.

In *Brandt* a default judgment was entered against one of two defendants without an express finding that there was no just reason to delay enforcement or appeal. The trial court subsequently vacated the default judgment. This court, in dismissing the appeal, stated that an order leaving the case pending, such as the order there involved, was not "final in its character," and was therefore not appealable. The same principle was recognized in *Mabion, supra,* where the court, quoting Nichols' Illinois Civil Practice, stated at 295:

"If the court sets aside or vacates a judgment otherwise than pursuant to the statutory procedure for relief from judgments and orders [presently §72], the general rule is that the order is interlocutory and the parties must await a final judgment after the case has been tried on the merits before an appeal will lie."

In the instant case the order vacating the default judgments against

the appellees left the case pending as to all defendants. Following *Brandt* we find that the question of the propriety of the trial court's order in vacating the default judgments is not properly before us on appeal. Although in *Haley v. Merit Chevrolet, Inc.* (1966), 67 Ill.App.2d 19, 214 N.E.2d 347, the court may have considered the propriety of the order vacating the judgment when it stated that "the trial court did not improperly exercise his discretion in vacating," we believe that the approach in *Brandt* is more consistent with the underlying policy of avoiding piecemeal appeals. We therefore follow that concept.

For the reasons stated, the appeal is dismissed.

Appeal dismissed.

SCHWARTZ and McGLOON, JJ., concur.