MARGARET REED, Plaintiff, *v.* CITY OF BELLEVILLE, Defendant and Third-Party Plaintiff-Appellant—(S.S. KRESGE Co., Defendant, and SYL FIETSAM, d/b/a SYL FIETSAM JEWELERS, Third-Party Defendant-Appellee.)

(No. 73-155; ▮▮▮▮▮▮▮▮▮▮▮▮)

Fifth District—October 4, 1973.

Robert J. Sprague, of Belleville, for appellant.

Wagner, Bertrand, Bauman & Schmieder, of Belleville, (John D. Bauman, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The plaintiff, Margaret Reed, filed an action alleging negligence by the city of Belleville, original and only defendant. The plaintiff alleged that she was injured as a result of the city's negligence and claimed damages.

The defendant city filed its answer to plaintiff's complaint and, upon motion for leave granted, also filed a third-party complaint against third-party defendants S.S. Kresge Co. and Syl Fietsam d/b/a Syl Fietsam Jewelers. Following motions by each third-party defendant the third-party complaint was dismissed and an amended third-party complaint filed. Third-party defendant Kresge filed an answer and third-party defendant Fietsam filed a motion to dismiss. This latter motion to dismiss the third-party complaint was allowed and plaintiff appeals.

After reciting the fact that third-party defendant Fietsam had filed a motion to dismiss the amended third-party complaint and that the court had heard arguments of counsel and examined briefs of the parties, the order concluded: "It is hereby ordered, adjudged and decreed that said Motion to Dismiss the Amended Third-Party Complaint is hereby allowed." The order of dismissal thus dismissed the third-party action as to part, but not all, of the third-party defendants. The order did not make the findings required by Supreme Court Rule 304(a) (Ill. Rev. Stat., ch. 110A, sec. 304(a)). Accordingly this court is without jurisdiction to consider this appeal. Where there is judgment as to fewer than all parties or issues, the absence of a finding that there is no just reason for delaying enforcement or appeal, leaves the judgment unenforceable and unappealable. *E.M.S. Co. v. Brandt*, 103 Ill.App.2d 445, 243 N.E.2d 695; *Callen v. Koretzky*, 3 Ill.App.3d 683, 279 N.E.2d 502.

Appeal dismissed.

EBERSPACHER, P. J., and G. MORAN, J., concur.