PETERSEN BROS. PLASTICS, INC., Plaintiff-Appellant, *v.* TOM ULLO, Defendant and Third-Party Plaintiff-Appellee.—(BEGINNINGS, INC., Third-Party Defendant.)

First District (3rd Division)    No. 76-1462

Opinion filed January 18, 1978.—Supplemental opinion filed on denial of rehearing March 15, 1978.

Kwiatt & Silverman. Ltd., of Chicago (Michael Silverman, of counsel), for appellant.

Gentile & DePalma, of Barrington (Jerome A. DePalma, of counsel), for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

Plaintiff Petersen Bros. Plastics, Inc. (Petersen) recovered a judgment against the defendant Tom Ullo (Ullo) which was vacated 5 months later. Petersen appeals from a denial of its motion seeking reinstatement of that judgment. Petersen contends that the circuit court had no jurisdiction to vacate the judgment after it had been in existence for 5 months.

■■ This appeal involves a determination of when, in litigation involving multiple claims or multiple parties, judgments entered as to one or more but fewer than all of the parties or claims are final and appealable and no longer subject to revision by the circuit court. Although neither party to this appeal has discussed Supreme Court Rule 304(a), it is the view of this court that the Rule controls this appeal. (Ill. Rev. Stat. 1975, ch. 110A, par. 304(a).) The specific issue is whether this Rule grants a circuit court the authority to vacate and revise all judgments in multiclaim cases after final judgments initially have been entered on all claims and subsequently one of the judgments is properly vacated pursuant to a motion filed within 30 days of its entry under section 68.3 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 68.3.) As we construe Rule 304(a), it enables the circuit court to maintain its jurisdiction in these circumstances over all judgments in the case. Consequently, for the reasons discussed below the Rule deprives this court of jurisdiction to hear this appeal. Even though the parties to an appeal have not, as in this case, argued that issue, it is necessary for us to view this appeal in the light of Rule 304(a) as it is the duty of an appellate court to determine whether it has jurisdiction to decide an appeal. *Hazel v. Hayes* (1973), 14 Ill. App. 3d 292, 295, 302 N.E.2d 458; *E.M.S. Co. v. Brandt* (1968), 103 Ill. App. 2d 445, 448, 243 N.E.2d 695.

This chronological summary of a lengthy series of pleadings, motions and orders is helpful to an understanding of the reasons for the dismissal of this appeal.

July, 1975—Petersen filed its complaint against Ullo, seeking payment for goods sold and delivered to Ullo.

October, 1975—Ullo answered by denying Petersen's claim and filed a third-party complaint against Beginnings, Inc. (Beginnings), alleging Ullo agreed to furnish services for Beginnings. Ullo claimed this agreement required it to purchase goods from Petersen for which Beginnings was obligated to pay.

March 2, 1976—Judgment entered in favor of Petersen and against Ullo. Also, a default judgment for the same amount entered in favor of Ullo and against Beginnings.

March 29, 1976—Beginnings served notice of and filed motion to vacate March 2, 1976, default judgment.

April 5, 1976—The March 2, 1976, judgment in favor of Ullo and against Beginnings was vacated; Beginnings given leave to appear and defend, and trial set for August 13, 1976.

April 28, 1976—Ullo served notice on Petersen and on Beginnings of and filed two motions to be presented on May 17, 1976; one was to vacate judgment entered March 2, 1976, in favor of Petersen and against Ullo, alleging in support of its motions that goods and workmanship furnished by Petersen were defective and that this defense was unknown to Ullo's attorney when the judgment in favor of Petersen was entered; the second motion was to set aside order of April 5, 1976, vacating March 2, 1976, judgment in favor of Ullo against Beginnings.

May 13 to June 7, 1976—Petersen filed reply to Ullo's motion to vacate judgment, and pending motions continued to July 12, 1976.

July 12, 1976—Order entered reinstating the third-party judgment in favor of Ullo and against Beginnings which had been vacated by order of April 5, 1976, with order reciting that the motion to vacate the judgment in favor of Petersen and against Ullo was withdrawn as moot.

August 2, 1976—Beginnings filed a written motion to vacate order of July 12, 1976, on ground court had no jurisdiction to vacate its April 5, 1976 order.

August 2, 1976—On motion of Beginnings to vacate order of July 12, 1976, court vacated and set aside all prior orders and judgments against Ullo and Beginnings.

August 24, 1976—Petersen given leave to file motion to vacate August 2, 1976, order and motion continued to September 2, 1976.

Thereafter, the attorney for Ullo filed a petition and affidavit stating that he appeared on August 2, 1976, with no court reporter present, and "made an oral motion to vacate any judgment which may have existed against" Ullo. Pursuant to Beginnings' petition and Ullo's oral motion, the court entered the August 2, 1976, order vacating all previous judgments. On September 2, 1976, the circuit court denied Petersen's motion to vacate the August 2, 1976, order. Petersen appeals from the order denying its motion.

■■ A trial court's order vacating a judgment is not appealable because it leaves the merits of the case pending and, therefore, is not a final order. (*William Aupperle & Sons, Inc. v. American National Bank & Trust Co.* (1975), 28 Ill. App. 3d 573, 576, 329 N.E.2d 458; *Alexander v.*

*Burke* (1972), 6 Ill. App. 3d 919, 920, 287 N.E.2d 53.) However, Petersen claims the circuit court lacked jurisdiction on August 2 to vacate the judgment in Petersen's favor. If Petersen is correct, the order vacating the judgment in Petersen's favor would be void and could be challenged in this court because a void order can be directly attacked at any time on appeal. (*Underwood v. Yellow Cab Co.* (1971), 131 Ill. App. 2d 449, 452, 268 N.E.2d 254.) Thus, we must decide whether on August 2, 1976, the circuit court had the authority to vacate the March 2, 1976, judgment in favor of Petersen and against Ullo.

■■ The order entered on March 2, 1976, was final and appealable because it disposed of all claims. However, when Beginnings filed its motion of March 29 to vacate the default judgment against it, the circuit court retained jurisdiction over the entire matter. No appeal could be pursued until this motion was decided. (Ill. Rev. Stat. 1975, ch. 110, pars. 50(5), 68.1(3), 68.3; *City of DeKalb v. Anderson* (1974), 22 Ill. App. 3d 40, 43, 316 N.E.2d 653.) The circuit court, therefore, had jurisdiction on April 5 to vacate the default judgment entered on March 2 against Beginnings.

■■ Also, Ullo's April 28 motion to vacate the April 5 order was timely. (See *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 135, 273 N.E.2d 403.) Normally, Ullo's motion attacking the March 2 judgment would have been late, for it was filed more than 30 days after the entry of that judgment and no timely motions to vacate that judgment were pending. (*Fultz*, at 135; *City of DeKalb*, at 43.) However, Ullo's claim against Beginnings still was pending, by virtue of the April 5 order. Therefore, Rule 304(a) gave the circuit court jurisdiction to review the March 2 judgment in favor of Petersen.

In cases involving multiple claims, Rule 304(a) adds another dimension to the determination of finality and to the power of the circuit court to revise judgments already entered. The Rule provides:

"(a) Judgment As To Fewer Than All Parties or Claims— Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable

or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." Ill. Rev. Stat. 1975, ch. 110A, par. 304(a).

■■ Application of the Rule is limited to multiple claims actions in which a final judgment or decree determines one or more but fewer than all of the rights and liabilities at issue. (*Martino v. Barra* (1967), 37 Ill. 2d 588, 229 N.E.2d 545; *Ariola v. Nigro* (1958), 13 Ill. 2d 200, 148 N.E.2d 787.) In such cases, Rule 304(a) requires an express written finding that there is no just reason for delay in enforcement or appeal of the resolved claims in order for these claims to be appealable. (*Ariola; First National Bank v. Conness* (1975), 29 Ill. App. 3d 294, 296, 330 N.E.2d 272.) Unless the circuit court order incorporates the words of the Rule, no appeal is permissible, and the circuit court retains jurisdiction over the entire cause, including the power to revise any or all judgments at any time prior to entry of a judgment adjudicating all claims. *Hazel*, at 295-96; *Haley v. Merit Chevrolet, Inc.* (1966), 67 Ill. App. 2d 19, 25, 214 N.E.2d 347.

Rule 304(a) is designed to discourage piecemeal appeals in the absence of just reason, and to remove the uncertainty which exists when a final judgment is entered on less than all matters in the controversy. (*Ariola*, at 207.) For a judgment on one claim to be appealable, circumstances in the circuit court must require that, as a matter of justice, the isolated judgment be considered on appeal before the circuit court enters appealable judgments in the related matters. *Martino*, at 595.

Although, here, the March 2 order stated in writing that there was no just reason for delay of enforcement or appeal, that order was appealable even without this finding, because it disposed of all claims. However, when Ullo's March 2 judgment against Beginnings was vacated by the order entered on April 5 allowing Beginnings' motion filed on March 29, Petersen's judgment against Ullo also entered on March 2 became interlocutory because the circuit court at that point did not with respect to Petersen's judgment enter the finding of finality expressly required by Rule 304(a). Only after Ullo's judgment against Beginnings was vacated on April 5 could the circuit court determine whether justice required that Petersen's judgment be appealable without a resolution of Ullo's claim or whether both claims should be disposed of before the first judgment could be appealable. Because the circuit court did not make this finding in its April 5 order, that court retained jurisdiction to revise all judgments in the case, and Ullo's subsequent motion in the circuit court attacking the judgment in favor of Petersen was proper. See *Hazel*, at 296.

■■ On July 12, the circuit court vacated the April 5 order and reinstated the March 2 default judgment in favor of Ullo against Beginnings *nunc pro tunc* the April 5 order. The court did not rule on Ullo's motion to vacate the March 2 judgment against him because that

motion was withdrawn as moot. Thus, at that time, all the claims had been adjudicated, and the order again became final and appealable.

■■ However, Beginnings on August 2, within 30 days of the July 12 order, filed a new motion attacking that order. Pursuant to this motion, the circuit court for the second time vacated the judgment against Beginnings. After this judgment was reopened for the second time, Rule 304(a) again controlled the case. When the circuit court again failed to make the finding of finality required by that Rule, the judgment in favor of Petersen was no longer final and was again subject to being vacated by the circuit court. Thus, the circuit court still had jurisdiction on August 2 to vacate the March 2 judgment in favor of Petersen against Ullo. Petersen had notice of Beginnings' motion to vacate the July 12 order and it does not contend that the circuit court lacked jurisdiction to hear this motion. It should have been aware that the consequence of granting Beginnings' motion would be to bring the entire matter including the judgment it had against Ullo within the circuit court's purview.

■■ We cannot presently review the circuit court's exercise of discretion in vacating the March 2 judgment. Rule 304(a) precludes appellate review because Ullo's claim against Beginnings remains pending. Moreover, a judgment or decree is final and reviewable if it terminates the litigation on the merits of a case and determines the rights of the parties so that, if the judgment is affirmed, the only thing remaining is to proceed to its execution. (*Wessel v. Gleich* (1975), 33 Ill. App. 3d 204, 207-08, 337 N.E.2d 743.) The trial court's August 2 order vacating Petersen's judgment against Ullo left Petersen's claim against Ullo pending. Thus, it was not a final and appealable order. (*William Aupperle; Alexander; Brandt.*) The appeal is therefore dismissed for lack of jurisdiction.

Appeal dismissed.

JIGANTI, P. J., and McNAMARA, J., concur.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE SIMON delivered the opinion of the court:

In its petition for rehearing, Petersen contends that this court's interpretation of Supreme Court Rule 304(a) enables a defendant to avoid enforcement of a judgment by filing a third-party action regardless of whether a valid third-party claim exists. Petersen claims that this sort of dilatory tactic will effectively eliminate any control a plaintiff may have over his own case.

■■ Plaintiff-judgment holders are not so restricted by Rule 304(a) as we apply it. Where a third-party claim is pending, the plaintiff-judgment holder may ask the circuit court to make the finding of finality required by 304(a) in order that its judgment be enforceable. Upon such a request, the circuit court may examine the third-party action to determine whether it justifies delaying enforcement or appeal of the plaintiff's judgment. If the third-party action is frivolous, the circuit court can permit enforcement of the judgment. And, even if the third-party action has merit, the circuit court still may determine that resolution of the third-party actions does not require delaying enforcement of the plaintiff's judgment or appeal. Thus, Rule 304(a) provides a means for plaintiffs to enforce judgments in their favor even though third-party claims are pending.

After Ullo's judgment was vacated, Petersen failed to request the court to make the finding set forth in the Rule with respect to its judgment against Ullo. Had it done so, and had the circuit court made the finding that there was no just reason for delaying enforcement or appeal of Petersen's judgment, that judgment would have become final and enforceable.

The petition for rehearing is denied.

JIGANTI, P. J., and McNAMARA, J., concur.