FRANK E. MARES, d/b/a Mares Service, Plaintiff-Appellant, *v.* RAYMOND METZLER *et al.*, Defendants-Appellees.

First District (5th Division)   No. 79-1871

Opinion filed August 22, 1980.

Kaplan, Gold & Gallagher, Ltd., of Chicago, for appellant.

Orin S. Rotman, of Teller, Levit & Silvertrust, P. C., of Chicago, for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff, in appealing an order vacating a default judgment entered against two of the three named defendants, contends that vacatur was

improper because the trial court lacked the jurisdiction to do so and, alternatively, because the motion to vacate did not meet the requirements of a section 72 petition.

The facts herein are not in dispute. Plaintiff filed the instant action for monies owed against defendants Raymond Metzler, Catherine Metzler, and T. Atkinson, individually and d/b/a Carey Horse Vans. The Metzlers were served with summons, but Atkinson had never been served. Only Raymond Metzler filed an appearance, and no answers were filed by any defendant. Then, on plaintiff's motion, a default judgment in the amount of $15,955.44 was entered against Raymond and Catherine Metzler on June 8, 1979.

On September 5, 1979, the Metzlers moved to vacate the default judgment, alleging that the last court date known to them was May 31, 1979; that their attorney was in Dallas at that time and unable to appear; that plaintiff's attorney had agreed to continue the court date; and that their attorney had not been informed of the default. The motion was denied on September 14.

On October 9, 1979, the Metzlers filed a motion seeking vacatur of the default judgment pursuant to section 50(5) or, alternatively, section 72 of the Civil Practice Act, stating in substance that they had a good and bona fide defense to said complaint; namely, that they had never contracted with plaintiffs; that because the action was brought against three defendants, the default judgment against only two of them is neither final, appealable, nor enforceable under Supreme Court Rule 304(a) since it did not dispose of all the issues as to all parties and did not contain an express finding that there is no just reason for delaying enforcement or appeal thereof; that the Metzlers had retained an attorney who "[f]or reasons unknown" to them "failed to properly docket continuance dates and also failed to file a responsive pleading"; and that they first learned of the default judgment in August 1978. In their prayer for relief, they asked vacatur of the default judgment order under section 50(5) in the event it found the order to be not final, appealable and enforceable; or, alternatively, that the trial court vacate the order under section 72 if it viewed the order as final.

On October 11, 1979, the motion was granted and the default judgment vacated. The Metzlers then filed a verified answer to plaintiff's complaint, which included an affirmative defense that at no time did they transact any business with plaintiff and that if services were rendered they were done for Carey Horse Vans, Inc., a corporation. This appeal is from the October 11 vacatur order.

OPINION

The motion filed by the Metzlers was entitled "Motion * * * Pursuant to Section 50(5) and Section 72 of the Civil Practice Act Seeking

to Vacate Judgment." From the substance of the petition, it appears vacatur was sought on alternative grounds: first, that the trial court had authority to vacate the judgment under section 50(5) because the order was not appealable under Supreme Court Rule 304(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 304(a)) since it was entered as to fewer than all parties and lacked the express finding required by that Rule; and second, that the allegations in their petition were sufficient to warrant vacatur under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72). The record does not disclose the basis for the trial court's order vacating the judgment.

We shall first determine whether vacatur was proper under the first ground asserted by the Metzlers. In this regard, we note the motion referred to section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 50(5), which provides as follows:

"(5) The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms or conditions that shall be reasonable."

In addition, the motion mentioned Supreme Court Rule 304(a), which states:

"(a) Judgments As To Fewer Than All Parties or Claims— Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights and liabilities of all the parties." (Ill. Rev. Stat. 1979, ch. 110A, par. 304(a).)

By way of explanation, we point out that section 50(5) provides that (1) a default may be set aside at any time before final order or judgment; and (2) on motion filed within 30 days after entry of a final order or judgment, the court may on motion filed within 30 days set aside such final order or judgment. However, under the authority of Supreme Court Rule 304(a), the court may vacate a default judgment which was entered as to less than all parties at any time (including after 30 days), provided there was no express finding that the order was appealable and that judgment has not yet been entered as to all parties. *Hazel v. Hayes* (1973), 14 Ill. App. 3d

292, 302 N.E.2d 458; *Haley v. Merit Chevrolet, Inc.* (1966), 67 Ill. App. 2d 19, 214 N.E.2d 347.

The judgment order entered in the instant case did not contain such express finding and if, as the Metzlers contend, the rights of "fewer than all parties" were adjudicated when the judgment was entered, the court had authority to vacate it at any time prior to the entry of a judgment which would dispose of the rights of all parties. Plaintiff reasons, however, that the default judgment was final and appealable because it disposed of the rights of all parties and that therefore the trial court, having jurisdiction to vacate the order only within 30 days after its entry, improperly granted vacatur of the June 8, 1974, judgment on October 11, 1978.

■■ Initally, we note that an order vacating a default judgment is not appealable.[1] (*E.M.S. Co. v. Brandt* (1968), 103 Ill. App. 2d 445, 243 N.E.2d 695.) However, because plaintiff is essentially arguing that the trial court was without jurisdiction to vacate the judgment, we will consider his argument since a void order may be attacked at any time. *Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 373 N.E.2d 416.

■■■ In support of his position that the default judgment determined the rights of all parties, plaintiff argues that although Atkinson was named as a defendant with the Metzlers, he was never served with summons and cannot be viewed as a "party" under Rule 304(a); that the Metzlers were thus the only parties in the case; and that therefore the default judgment entered against them was an adjudication of the rights of all parties. We do not agree. While plaintiff never secured service of process on Atkinson, we note there is no specific time limit within which a defendant must be served. (See *Faust v. Michael Reese Hospital & Medical Center* (1978), 61 Ill. App. 3d 233, 377 N.E.2d 1040.) Although Supreme Court Rule 103(b) provides that an action may be dismissed as to an unserved defendant if the plaintiff fails to exercise reasonable diligence to obtain service (Ill. Rev. Stat. 1979, ch. 110A, par. 103(b)), such dismissals are within the sound discretion of the trial court (*Martin v. Lozada* (1974), 23 Ill. App. 3d 8, 318 N.E.2d 334), and it is possible that Atkinson could still be served with summons and a judgment entered against him which could be the subject of an appeal. Such a result would conflict with the purpose of Rule 304(a), which is "to discourage piecemeal appeals in the absence of just reason, and to remove the uncertainty which exists when a final judgment is entered on less than all matters in the controversy." (*Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 630, 373 N.E.2d 420; also see *Blanchette v. Martell* (1977), 52 Ill. App. 3d 1029, 368 N.E.2d 458.) In

---

[1] It must be noted that if a default judgment is vacated pursuant to a section 72 petition, it is appealable as an order granting section 72 relief. Ill. Rev. Stat. 1979, ch. 110A, par. 304(b)(3); *Kammes v. Seger* (1976), 41 Ill. App. 3d 768, 355 N.E.2d 167.

view thereof, we believe that although Atkinson was not served with summons when the default judgment was entered against the Metzlers, he was still a named defendant and a party within the context of Rule 304(a) and, in the absence of the finding "that there is no just reason for delaying enforcement or appeal," the trial court had jurisdiction to vacate the default judgment.

Thus, because the trial court having properly vacated the default judgment on the basis of section 50(5), we have no need to consider the justification of vacatur under plaintiff's alternative request for section 72 relief. Further, since we have found that the trial court in fact had jurisdiction to vacate the default judgment, and since such an order is not appealable, the instant appeal will be dismissed.

Appeal dismissed.

LORENZ and MEJDA, JJ., concur.