FIFTH DIVISION

March 31, 1999

Nos. 1-98-1397)  Cons.

1-98-2898)  

MICHAEL J. KRAL, )     Appeal from

)  the Circuit Court

Plaintiff-Appellee, )   of Cook County.

) 

v. ) 

)

FREDHILL PRESS COMPANY, INC., )        No. 92-L-2958

) 

Defendant-Appellant ) 

)          Honorable

(Electrical Services, Inc., )        Judith Cohen,

)       Jacqueline Cox,

Defendant). )      Judges Presiding.

JUSTICE THEIS delivered the opinion of the court:

Defendant-appellant, Fredhill Press Co., Inc. (Fredhill Press), appeals the circuit court's order of March 19, 1998, denying its motion to vacate the default judgment entered against it on August 30, 1995.  The circuit court denied the motion, which was brought pursuant to section 2-1301(e) of the Illinois Code of Civil Procedure (735 ILCS 5/2-1301(e) (West 1996)), finding it was not timely brought.  Fredhill Press appeals, claiming the motion was timely brought, as it was filed within 30 days of the judgment that adjudicated all the claims, rights, and liabilities of all the parties.  We reverse and remand.

On 
March 9, 1992, Michael J. Kral (Kral) filed suit against Fredhill Press, a Kentucky corporation, and Electrical Services, Inc. (ESI), an Illinois corporation, alleging negligence and strict product 

liability.  Kral's suit was precipitated by an injury he sustained while using a carbon-coater machine manufactured by Fredhill Press and repaired and inspected by ESI.  While Kral's action was pending, Fredhill Press sold its assets and dissolved.  Thereafter, on May 26, 1995, Fredhill Press' Illinois counsel was allowed to withdraw as counsel of record.  Fredhill Press then ended its participation in Kral's suit.

Kral moved for an order of default against Fredhill Press.  On August 2, 1995, Kral's motion was granted, and the matter was set for prove up of damages.  On August 30, 1995, the circuit court entered judgment against Fredhill Press in the amount of $858,000.  The order did not include a finding pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) that the judgment was immediately enforceable and appealable.  

Kral registered the Illinois judgment he received against Fredhill Press in the circuit court of Boone County, Kentucky, on September 30, 1996.  In addition, on August 15, 1997, Kral brought an action in Kentucky against the estate and heirs of Fred Hill Sr., seeking satisfaction of his Illinois judgment, a temporary injunction against the distribution or transfer of assets, and punitive damages resulting from the allegedly fraudulent conveyance of the $685,000 in proceeds realized from the sale of Fredhill Press to the estate and heirs of Fred Hill Sr.  The Kentucky court granted Kral's request for temporary injunctive relief on September 18, 1997. 

While Kral's Illinois suit was pending against Fredhill Press and ESI, ESI was undergoing bankruptcy proceedings.  At the conclusion of its bankruptcy action, ESI was no longer a viable corporation.  On November 25, 1997, the circuit court entered an order granting Kral's motion to dismiss ESI as a defendant.  

On December 19, 1997, Fredhill Press filed a motion, pursuant to section 2-1301(e), to vacate the default judgment entered against it on August 30, 1995.  On March 10, 1998, Kral moved for sanctions, claiming Fredhill Press' motion was frivolous, as it was not well grounded in law or fact, and was filed for the purpose of harassment.  Kral's motion for sanctions was later withdrawn.  By order entered March 19, 1998, the circuit court denied Fredhill Press' motion to vacate.  The circuit court explained that because the motion to vacate the default was not filed within 30 days of entry of that final order, as section 2-1301(e) requires, the motion was untimely.  The circuit court stated that the absence of a Rule 304(a) finding (155 Ill. 2d R. 304(a)) in its order of default did not affect that order's finality or preclude denial of the motion on grounds that it was untimely filed.  Fredhill Press now appeals from the circuit court's order of March 19, 1998, on grounds that its motion to vacate was timely filed.

We 
begin by noting that the order at issue did not dispose of Kral's claim against ESI nor did it contain a finding pursuant to Supreme Court Rule 304(a) (155 Ill. 2d 304(a)) that the judgment was enforceable and appealable.  We also note that we are asked only a threshold question:  whether Fredhill Press timely filed its post-

trial motion to vacate the default judgment entered against it on August 30, 1995, when it filed that motion, not within 30 days after the trial court's entry of that judgment, but within 30 days after the trial court's dismissal on November 25, 1997, of Kral's case against ESI.  The question before us is not whether the motion to vacate the default should have been granted, but whether the motion should have been entertained as timely filed.   

Fredhill Press maintains the motion should have been entertained as timely filed because, for purposes of section 2-1301(e), an order or judgment is final if it is final and appealable or includes language pursuant to Supreme Court Rule 304(a).  Kral contends, to the contrary, that section 2-1301(e) is dispositive in this instance and that Supreme Court Rule 304(a) is inapplicable.  Kral is incorrect.

The resolution of this dispute turns on the relationship between Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) and section 2-

1301(e) of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2-1301(e) (West 1996)).  Accordingly, Rule 304(a) and the Code sections that govern the filing of motions to set aside a default judgment must be examined in turn.  Section 2-1301(e) of the Code sets forth the terms under which the court may exercise its discretion to set aside any default, and the terms under which it may entertain a motion requesting that it do so: 

"The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable."  735 ILCS 5/2-1301(e) (West 1996).

Supreme Court Rule 304(a) authorizes an appeal from a final judgment as to one or more but fewer than all of the parties or claims where the trial court has made an express written finding that "there is no just reason for delaying enforcement or appeal."  155 Ill. 2d R. 304(a).  In the absence of such a finding, Rule 304(a) provides that "any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."  155 Ill. 2d R. 304(a).

We turn first to the issue of finality upon which the circuit court based its decision.  Relying upon 
Dubina v. Mesirow Realty Development, Inc., 
178 Ill. 2d 496, 687 N.E.2d 871 (1997), the circuit court correctly noted that a final judgment or order may be one that resolves the rights of fewer than all of the parties.  The circuit court also correctly reasoned that the absence of a Rule 304(a) finding did not deprive the August 30, 1995, order of its finality.  However, the circuit court reached the wrong conclusion as to the timeliness of the motion to vacate because it failed to appreciate that the issue presented was one of jurisdiction of the circuit court, not finality.

In 
Dubina, 
the Illinois Supreme Court explained that Rule 301 allows appeals from final judgments as a matter of right; whereas, Rule 304 allows for the appeal from final judgments that are otherwise final, but not immediately appealable or enforceable.  
Dubina, 
178 Ill. 2d 496, 687 N.E.2d 871.  There, the supreme court emphasized that "[a] judgment or order is `final' if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy."  
Dubina, 
178 Ill. 2d at 502, 687 N.E.2d at 874.  However, as the court further explained:

"Without a Rule 304(a) finding, a final order disposing of fewer than all of the claims in an action is not instantly appealable.  Such an order does not become appealable until all of the claims in the multiclaim litigation have been resolved.  Once the entire action is terminated, all final orders become appealable under Rule 301."  
Dubina, 
178 Ill. 2d at 502-03, 687 N.E.2d at 874.  

Unless the circuit court order disposing of fewer than all of the claims in an action incorporates the words of the rule, "no appeal is permissible, and the circuit court retains jurisdiction over the entire cause, including the power to revise any or all judgments at any time prior to entry of a judgment adjudicating all claims."  
Petersen Bros. Plastics, Inc. v. Ullo, 
57 Ill. App. 3d 625, 630, 373 N.E.2d 416, 420 (1978); see also 
Mares v. Metzler, 
87 Ill. App. 3d 881, 883-85, 409 N.E.2d 447, 449-50 (1980) (though defendant was not served with summons when default judgment was entered against second defendant, he was still a named defendant and party within the context of Rule 304(a) and, absent a Rule 304(a) finding, the trial court had jurisdiction to vacate the default).  

After entry of a judgment adjudicating all claims, the trial court loses jurisdiction over the matter within 30 days.  Upon the proper filing of a notice of appeal, the jurisdiction of the appellate court attaches, and the trial court is deprived of its jurisdiction and loses the ability to modify its judgment or to rule on matters of substance that are the subject of appeal.  
Bachewicz v. American National Bank & Trust Co., 
135 Ill. App. 3d 294, 297, 482 N.E.2d 95, 98 (1985).  This threshold question of trial court jurisdiction is also apparent in the operation of section 2-1401.  Though section 2-

1401 provides for relief from final orders and judgments after 30 days (735 ILCS 5/2-1401(a) (West 1996)), such a petition "must be filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof."  735 ILCS 5/2-1401(b) (West 1996).  Accordingly, in order to reconfer jurisdiction upon the trial court, notice must be provided to all parties to the petition as provided by Supreme Court Rule 106 (134 Ill. 2d R. 106).  735 ILCS 5/2-1401(b) (West 1996). 

"[U]nder the authority of Supreme Court Rule 304(a), the court may vacate a default judgment which was entered as to less than all parties at any time (including after 30 days), provided there was no express finding that the order was appealable and that judgment has not yet been entered as to all parties."  
Mares, 
87 Ill. App. 3d at 883, 409 N.E.2d at 449; see also 
Morton Buildings, Inc. v. Witvoet, 
70 Ill. App. 3d 55, 388 N.E.2d 258 (1979); 
Petersen Bros. Plastics, Inc. v. Ullo, 
57 Ill. App. 3d 625, 373 N.E.2d 416 (1978).  As Professor Michael succinctly observed:

"In order to proceed under §2-1301(e), the motion must be filed within 30 days of entry of a final and appealable default judgment.  The thirty day period does not commence until a final and appealable judgment is entered.  For this reason, a §2-1301(e) motion may sometimes be made long after an order of default has been entered.  The thirty-

day period does not commence until a judgment is entered which grants the plaintiff relief, and either terminates the case or is final as to one party or cause of action in the case and is certified in accord with the requirements of Rule 304(a).  Accordingly, §2-1301(e) is available to seek relief from any non-final order of default or default judgment, or from a final default judgment within 30 days of its entry. 

***

The 30 day period reflects the modern equivalent of the common law rule that a court could set aside or modify its final orders during term time."  4 R. Michael, Illinois Practice  §42.5, at 359 (1989).

Once the trial court enters a final judgment disposing of all of the issues as to all of the parties, the previously entertained and otherwise final, but not appealable, order becomes both final and appealable.  At that point, the 30-day clock begins to run as to the trial court's jurisdiction to entertain, and the party's ability to file, a posttrial motion.  Accordingly, Fredhill Press' motion was timely filed when it was filed within 30 days after the circuit court's order dismissing Kral's case against ESI.

Finally, we emphasize that our decision as to the timeliness of the motion has no bearing upon the trial court's ultimate decision as to the motion's merits.  In determining whether, in the exercise of its discretion, the motion should be granted, the "court's overriding consideration should be `whether substantial justice is being done between the litigants and whether, under the circumstances of the case, it is reasonable to compel the other party to go to trial on the merits.'"  
In re Marriage of Ward, 
282 Ill. App. 3d 423, 433, 668 N.E.2d 149, 155 (1996), quoting 
In re Marriage of Sheber, 
121 Ill. App. 3d 328, 334, 459 N.E.2d 1056 (1984).  Therefore, we reverse the March 19, 1998, order of the circuit court, which denied the motion on grounds that it was untimely filed, and remand this matter to the circuit court for a substantive finding pursuant to section 2-1301(e).

Reversed and remanded.

HARTMAN and GREIMAN, JJ., concur.