# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Zamora v. Montiel*, 2013 IL App (2d) 130579

---

| | |
|---|---|
| Appellate Court Caption | JUAN ZAMORA, Plaintiff-Appellant, v. RICARDO MONTIEL, NEWSBOY DELIVERY SYSTEMS, INC., and UNIQUE DISTRIBUTION SERVICES, INC., Defendants-Appellees (Cherie Payne and Paul Payne, Defendants). |
| District & No. | Second District<br>Docket No. 2-13-0579 |
| Opinion filed<br>Modified upon denial<br>of rehearing | August 19, 2013<br><br>November 18, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's failure to file a notice of appeal within 30 days of the trial court's order denying his motion to reconsider the dismissal of his claims against defendants deprived the appellate court of jurisdiction over his appeal, which he filed pursuant to the Supreme Court Rule 304(a) finding in the order, notwithstanding his contention that the trial court's order granting defendants leave to file a third-party complaint rendered the Rule 304(a) finding in the order dismissing plaintiff's action ineffective, since merely obtaining leave to file a third-party claim did not trigger the need for a new Rule 304(a) finding. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 09-L-987; the Hon. Dorothy French Mallen, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on Appeal

Ryan M. Griffin, Scott M. Duxbury, and Timothy J. Winfield, all of Goldstein, Bender & Romanoff, of Chicago, for appellant.

Jeffrey S. Barger, of Esp Kreuzer Cores LLP, of Wheaton, for appellees.

Panel

JUSTICE HUDSON delivered the judgment of the court, with opinion. Justices Hutchinson and Schostok concurred in the judgment and opinion.

**OPINION**

¶ 1                                                    I. INTRODUCTION

¶ 2    Defendants, Ricardo Montiel, Newsboy Delivery Systems, Inc., and Unique Distribution Services, Inc., move to dismiss this appeal, which was filed by plaintiff, Juan Zamora. Defendants contend that we lack jurisdiction. For the reasons that follow, we agree with defendants, and accordingly, we grant their motion and dismiss this appeal.

¶ 3    On August 31, 2009, plaintiff filed a complaint sounding in negligence against defendants and also against Cherie and Paul Payne (the Payne defendants). The following procedural history of the case is relevant to determining whether we have jurisdiction over this appeal:

(1) March 24, 2010: the trial court dismissed plaintiff's complaint as it pertained to defendants, finding that it was barred by the exclusivity provisions of the Illinois Workers' Compensation Act (820 ILCS 305/5(a) (West 2008)), and the court included an Illinois Supreme Court Rule 304(a) (eff. Jan. 1, 2006) finding in this order;

(2) April 23, 2010: plaintiff filed a motion to reconsider the dismissal;

(3) June 29, 2010: the trial court granted the Payne defendants leave to file a third-party complaint seeking contribution against defendants;

(4) July 7, 2010: the trial court denied plaintiff's motion to reconsider:

(5) August 25, 2010: the Payne defendants filed their third-party claim;

(6) July 11, 2012: the trial court dismissed the Payne defendants' contribution claim; also on this date, plaintiff requested that the trial court make a new Rule 304(a) finding with respect to the *March 24, 2010*, dismissal order and the trial court made such a finding;

(7) July 24, 2012: plaintiff filed a notice of appeal regarding the March 24, 2010, dismissal order and the subsequent denial of his motion to reconsider;

(8) December 12, 2012: this court dismissed plaintiff's initial appeal for lack of jurisdiction (*Payne v. Zamora*, 2012 IL App (2d) 120804-U);

(9) December 28, 2012: plaintiff moved in the trial court for a "renewal" of the March 24, 2010, Rule 304(a) finding;

(10) March 20, 2013: the trial court denied plaintiff's motion to renew the March 2010 Rule 304(a) finding;

(11) May 14, 2013: the trial court dismissed all remaining causes of action directed against the Payne defendants;

(12) June 5, 2013: plaintiff filed the notice of appeal initiating the current appeal seeking reversal of the March 24, 2010, dismissal and the March 20, 2013, denial of his motion to renew the March 2010 Rule 304(a) finding.

Defendants filed a motion to dismiss this appeal for lack of jurisdiction.

¶ 4                                    II. ANALYSIS

¶ 5        Defendants assert that plaintiff had by August 6, 2010, to appeal the March 24, 2010, dismissal–which contained a Rule 304(a) finding–of his action against defendants (*i.e.*, 30 days after the trial court denied his motion to reconsider that dismissal). Plaintiff counters that, when, on June 29, 2010, the trial court granted the Payne defendants leave to file their third-party complaint, the previous Rule 304(a) finding, which was made contemporaneously with the dismissal of plaintiff's claims against defendants, was rendered ineffective. Plaintiff contends that a new Rule 304(a) finding was necessary to make the March 24, 2010, dismissal order appealable after the addition of the third-party claim.

¶ 6        Illinois Supreme Court Rule 304(a) (eff. Jan. 1, 2006) allows for the appeal of a final judgment in a case involving multiple claims or parties where the judgment concerns "one or more but fewer than all of the parties or claims." To make such a judgment appealable, the trial court must make a finding that "there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Jan. 1, 2006). The rule exists to discourage piecemeal appeals in the absence of a good reason to proceed in such a fashion and also to remove any uncertainty about the proper course when a judgment is entered regarding fewer than all matters in controversy. *Mares v. Metzler*, 87 Ill. App. 3d 881, 884 (1980). Thus, before an appeal may be taken from a judgment that leaves other matters in controversy, the trial court must consider whether an immediate appeal is appropriate and make the appropriate finding. *Seef v. Ingalls Memorial Hospital*, 311 Ill. App. 3d 7, 14 (1999). Generally, a party must file a notice of appeal within 30 days of the judgment sought to be appealed, and, if a motion directed against that judgment is filed, the time to appeal is tolled until 30 days after that motion is resolved. *Greer v. Yellow Cab Co.*, 221 Ill. App. 3d 908, 913 (1991). Once a court has made a Rule 304(a) finding, it is not necessary for the court to make another such finding when it denies a motion to reconsider. *McCorry v. Gooneratne*, 332 Ill. App. 3d 935, 941 (2002). This is because the denial of a motion to reconsider is not a judgment and is not appealable in itself. *Id.*

¶ 7        However, in certain circumstances, a new Rule 304(a) finding might be required. In *Petersen Bros. Plastics, Inc. v. Ullo*, 57 Ill. App. 3d 625 (1978), the First District confronted an appeal bearing a number of similarities to the instant case and concluded that it lacked jurisdiction. In that case, the trial court entered a judgment on March 2, 1976, in favor of the

-3-

plaintiff against the defendant and entered a default judgment in favor of the defendant against a third-party defendant. The third-party defendant moved to vacate the default judgment on March 29, 1976. The default judgment was vacated on April 5, 1976. On April 28, 1976, the defendant moved to vacate the judgment in favor of the plaintiff and to set aside the order vacating the default judgment against the third-party defendant. On July 12, 1976, the trial court reinstated the default judgment against the third-party defendant (this order also stated that the defendant's motion to vacate the judgment in favor of the plaintiff was moot). On August 2, 1976, the third-party defendant moved to vacate the July 12 order, asserting that the trial court lacked jurisdiction to vacate the April 5 order. Also on August 2, the trial court vacated all orders and judgments against the defendant and the third-party defendant. On August 24, 1976, the plaintiff moved to vacate the August 2 order. The plaintiff's motion was denied on September 2, 1976, and the plaintiff appealed.

¶ 8        The First District began by noting that an order vacating a judgment is generally not appealable, as it leaves matters pending and therefore is not a final order. *Id.* at 628. Thus, it concluded that the plaintiff normally could not appeal such an order, but it stated that the plaintiff could prevail if the August 2 order was void, as a void order can be attacked at any time. *Id.* at 629.[1] It then observed that the March 2 order had been final and appealable; however, when the third-party defendant filed its motion to vacate the default judgment, the March 2 order was no longer appealable until this motion was resolved and the trial court therefore retained jurisdiction over the entire case. *Id.* Accordingly, the trial court had jurisdiction on April 5 to vacate the default judgment. *Id.* Further, when it vacated the default judgment, it left the claim that had been the subject of that judgment pending between the defendant and the third-party defendant. *Id.* Because this claim remained pending, in accordance with Illinois Supreme Court Rule 304(a) (eff. Jan. 1, 1970) ("In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."), the trial court retained jurisdiction over the March 2 judgment in favor of the plaintiff. *Petersen Bros.*, 57 Ill. App. 3d at 628-29. The First District explained that, where no Rule 304(a) finding is made, "no appeal is permissible, and the circuit court retains jurisdiction over the entire cause, including the power to revise any or all judgments at any time prior to entry of a judgment adjudicating all claims." *Id.* at 630.

¶ 9        The First District acknowledged that the March 2 judgments did contain a finding that there was no just reason to delay enforcement or appeal (which, in that case, was superfluous, as the March 2 judgments were appealable without such a finding). *Id.* Nevertheless, despite this finding, the court held that the judgment in favor of the plaintiff was no longer appealable when the third-party defendant successfully moved to vacate the default judgment against it (which revived and left pending the third-party claim). *Id.* This was because, before the trial court vacated the default judgment, it could not assess whether the plaintiff's claim

---

[1]This proposition is arguably at odds with the supreme court's later holding that "[i]f a court lacks jurisdiction, it cannot confer any relief, even from prior judgments that are void." *People v. Flowers*, 208 Ill. 2d 291, 308 (2003).

was suitable for appeal independent of the third-party claim. *Id.* The third-party claim remained pending until July 12, when the trial court reinstated the default judgment, which resulted in a final judgment as all claims had then been resolved. *Id.* at 630-31. The third-party defendant's August 2 motion came within 30 days of the July 12 judgment, so the trial court still had jurisdiction at that time. *Id.* at 631. As the trial court had jurisdiction when it entered the August 2 order, the order was not void. *Id.* The appellate court concluded that it did not have jurisdiction over the trial court's August 2 order vacating the earlier judgments, as the order was not final. *Id.*

¶ 10 For our purposes, the important lesson of *Petersen Bros.* concerns the Rule 304(a) finding made in conjunction with the initial judgments in that case entered on March 2, 1976. The First District held, in essence, that this finding lost its vitality when the third-party claim was resurrected. *Id.* at 630. It explained, "Only after [the default judgment] was vacated on April 5 could the circuit court determine whether justice required that [the plaintiff's] judgment be appealable without a resolution of [the defendant's] claim or whether both claims should be disposed of before the first judgment could be appealable." *Id.* In this case, plaintiff argues that the Payne defendants' third-party claim against defendants had a similar effect.

¶ 11 We disagree. Though we do not necessarily quarrel with the rule announced in *Petersen Bros.*, we find that case distinguishable. Unlike in *Petersen Bros.*, in this case, no new claim was added until after the judgment in favor of defendants became final and appealable and the period for appeal had run. It is true that the Payne defendants obtained leave to file their contribution claim prior to the resolution of plaintiff's motion to reconsider. However, this claim was not actually filed until more than 30 days after the trial court resolved plaintiff's motion to reconsider.

¶ 12 We decline to equate obtaining leave to file a claim with actually filing that claim under the circumstances presented in this case. In *Ganci v. Blauvelt*, 294 Ill. App. 3d 508, 516 (1998), the Fourth District held as follows:

"Placing jurisdictional significance to the leave requirement here would merely result in a technical windfall to the third-party defendant who did not object to the lack of leave of court until appeal. Moreover, we conclude that treating obtaining of leave as an element of jurisdiction is contrary to the most recent theories of circuit court jurisdiction."

At issue in *Ganci* was leave to implead a third party (*id.*), which is similar to the situation we face here. Like the *Ganci* court, we are reluctant to attach jurisdictional significance to the fact that the Payne defendants obtained leave to file their claim before the trial court resolved plaintiff's motion to reconsider.

¶ 13 The result would be a cumbersome rule of procedure indeed. If we were to treat obtaining leave to file a claim in the same manner as filing the claim itself, what would become of a plaintiff's ability to appeal pursuant to Rule 304(a) in the interim period between obtaining leave and filing the claim? Would the trial court have to make a new Rule 304(a) finding based upon whatever information was available to it in the motion for leave to file the claim? We note that in this case the motion simply stated, "Defendants, Cherie C. Payne and Paul

B. Payne, by and through the undersigned counsel, move this Honorable Court for leave to file Third Party Complaint for Contribution against RICARDO MONTIEL, NEWSBOY DELIVERY SYSTEMS, INC. and UNIQUE DISTRIBUTION SERVICES, INC." With this limited information, it would have been difficult for the trial court to "determine whether justice required that [the] judgment be appealable without a resolution of [the Payne defendants'] claim or whether both claims should be disposed of before the first judgment could be appealable." *Petersen Bros.*, 57 Ill. App. 3d at 630. Moreover, if the trial court did make such a determination, would it have to revisit that decision when the claim was actually filed? Further, if the claim were to be amended in the future, would the trial court have to make yet another Rule 304(a) finding based on whatever new information was contained in the amendment? Conversely, would the judgment against plaintiff be unappealable and would plaintiff have to wait an indeterminate amount of time until the third-party claim was filed? We believe that the better rule is the simpler one: merely obtaining leave to file a claim does not trigger the need for a new Rule 304(a) finding. We note that the plain language of Rule 304(a) contemplates that additional claims will actually be pending: "an appeal may be taken from a final judgment as to one or more *but fewer than all* of the parties or claims." (Emphasis added.) Ill. S. Ct. R. 304(a) (eff. Jan. 1, 2006).

¶ 14    We acknowledge that the Third District has held that the filing of a "motion for leave to file a petition for sanctions and attached petition equated to a pending 'Rule 137 claim.' " *Commonwealth Edison Co. v. Munizzo*, 2013 IL App (3d) 120153, ¶ 28. That case is distinguishable in that the proposed petition for sanctions was attached to the motion for leave to file the petition. *Id.* ¶ 22. Thus, the trial court could easily assess the relationship between the judgment sought to be appealed and the petition for sanctions. We also acknowledge case law holding that seeking leave to file a posttrial motion in a small-claims case tolls the running of the period in which an appeal may be filed. See *Bolin v. Sosamon*, 181 Ill. App. 3d 442, 445 (1989). However, such cases can be distinguished on a similar basis. *Id.* ("[I]t appears the supreme court intended that the filing of the petition for leave to file a post-trial motion *accompanied by the post-trial motion* tolls the 30-day period for filing a notice of appeal." (Emphasis added.)). Moreover, both of those situations involve more limited or well-defined subject matters than that which might arise with a claim generally, simplifying the trial court's role in assessing their relationship to a judgment sought to be appealed pursuant to Rule 304(a).

¶ 15    Finally, we wish to provide some context for our holding. Rule 304(a) serves largely to further the goal of judicial efficiency. One of its primary purposes is, in the absence of a compelling reason, to discourage piecemeal appeals. *In re Marriage of Gutman*, 232 Ill. 2d 145, 151 (2008). We realize that, on some rare occasions, allowing a party to proceed with an appeal after another party seeks leave to add a claim might result in a piecemeal appeal being taken. However, it is equally undesirable to require a party to repeatedly return to the trial court to seek a new Rule 304(a) finding with every change in circumstances. Moreover, such a procedure would place trial courts in the difficult position of having to make such assessments on the limited knowledge likely to be available when a party seeks leave to add a claim. In short, any reduction in judicial efficiency will be minimal and likely offset by the enhancement of efficiency in the trial court.

¶ 16    In light of the foregoing, we hold that plaintiff's failure to file a notice of appeal within 30 days of the trial court's resolution of his motion to reconsider the March 24, 2010, dismissal of his claims against defendants deprives this court of jurisdiction over this appeal. Accordingly, we dismiss this appeal.

¶ 17    Appeal dismissed.

¶ 18    SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING

¶ 19    Plaintiff has filed a petition for rehearing in this case. In it, he raises three arguments. First, he contends that this court never ruled on the salient issue in this case, namely, "whether the motion for leave [to file a third-party contribution claim], and a grant of leave to seek contribution is a 'claim' as defined under [Rule 304(a)]." Second, he claims that we announced a new, "heretofore unprecedented," policy-based balancing test. Third, plaintiff points out an inaccuracy in our recitation of the procedural history of this case.

¶ 20    Turning to plaintiff's first contention, that we never addressed whether obtaining leave to file a claim is the same thing as filing a claim for Rule 304(a) purposes, we call plaintiff's attention to the following passage from our initial opinion in this appeal: "We decline to equate obtaining leave to file a claim with actually filing that claim under the circumstances presented in this case." *Supra* ¶ 12. Our ruling on this point could hardly be clearer. In fact, plaintiff quotes this language in his petition for rehearing. As such, plaintiff's contention is inaccurate at best.

¶ 21    Plaintiff's second contention, that we announced a new balancing test, is similarly ill-founded. We discussed some of the policy implications of our decision, but our discussion is nothing more than that. We expressly prefaced this discussion with, "Finally, we wish to provide some context for our holding." *Supra* ¶ 15. Plaintiff quotes extensively from our discussion, but he does not acknowledge the prefatory language and instead characterizes our discussion as our adoption of a new test. To be clear, there is no new test. We plainly stated the bright-line nature of our holding: "merely obtaining leave to file a claim does not trigger the need for a new Rule 304(a) finding." *Supra* ¶ 13. Although policy considerations underlie any rule, there is no place for a trial court to engage in a policy-based analysis in applying this straightforward rule. Again, plaintiff's argument selectively ignores the plain language of our earlier disposition.

¶ 22    Finally, plaintiff calls our attention to an error in our recitation of the procedural history of this case. We stated:

"July 11, 2012: the trial court dismissed the Payne defendants' contribution claim; also on this date, plaintiff requested that the trial court make a Rule 304(a) finding with respect to the *March 24, 2010*, dismissal order and the trial court made such a finding." (Emphasis in original.) *Supra* ¶ 3.

However, in an earlier summary order dismissing another appeal by plaintiff, we found that this Rule 304(a) finding did not apply to the March 24, 2010, order. See *Zamora v. Payne*, No. 2-12-0804 (2012) (unpublished summary order under Supreme Court Rule 23). Without

explanation as to how it could be the case, plaintiff states, "If this error contributed to this court's decision to dismiss this appeal, a rehearing is appropriate." Plaintiff knows full well that this error is not material. In that same earlier summary order, we explained, "If the [March 24, 2010,] Rule 304(a) finding in that order was valid, the notice of appeal is (as previously noted) too late." *Id.* at 4. In our opinion here, we found the March 24, 2010, Rule 304(a) finding valid. As the correction of this error could have no bearing on the outcome of this appeal, we fail to see how plaintiff could have believed that this was an appropriate basis to request a rehearing.

¶ 23    As plaintiff's petition for rehearing is based on immaterial facts and distortions of our earlier opinion in this matter, we find it wholly unpersuasive. Plaintiff's request for rehearing is denied.